1

2

3

4 UNITED STATES DISTRICT COURT

5 DISTRICT OF NEVADA

6 * * *

7 JENNIFER TODOROV, | Case No. 2:13-cv-01264-MMD-GWF

8 Plaintiff,
 v. ORDER
9
 EASY LOANS CORP., (Motion to Dismiss – dkt. no. 6)
10
 Defendant.
11

12

13 **I. SUMMARY**

14 Before the Court is Defendant Easy Loans Corporation's ("Easy Loans") Motion to

15 Dismiss (dkt. no. 6). The Court has also considered Plaintiff Jennifer Todorov's

16 opposition (dkt. no. 8) and Easy Loans' reply (dkt no. 9). For the reasons that follow, the

17 Motion to Dismiss is denied in part and granted in part.

18 **II. BACKGROUND**

19 This case arises under the Fair Debt Collection Practices Act ("FDCPA" or "Act").

20 15 U.S.C. §§ 1692-1692p. Under the FDCPA, Plaintiff Jennifer Todorov ("Todorov")

21 challenges a lawsuit Easy Loans filed against her to collect an allegedly defaulted credit

22 card debt. (Dkt. no. 1 ¶¶ 12-13, 31-40.) These facts are taken from Todorov's complaint.

23 Before July 2008, Todorov incurred a financial obligation to Washington Mutual

24 Bank ("Creditor") by purchasing family, personal, or household services using a credit

25 card issued by the Creditor. (*Id.* ¶¶ 7-8, 13, 15; Dkt. no. 1-3 at 5.) Todorov defaulted on

26 this debt. (Dkt. no. 1 ¶ 15.) Easy Loans later acquired the debt from the Creditor, either

27 because "[t]he [d]ebt was purchased, assigned or transferred to [Easy Loans] for

28 collection," or because Easy Loans "was employed by the Creditor to collect the [d]ebt."

1  (*Id.* ¶ 10.) To collect Todorov's debt, Easy Loans brought a lawsuit on December 18,
2  2012, in the Las Vegas Township Justice Court in Clark County, Nevada ("Easy Loans'
3  Lawsuit"). (*Id.* ¶ 12.) Easy Loans' Lawsuit alleged that Todorov had breached her credit
4  card agreement with the Creditor, and owed an "account stated" to Easy Loans. (Dkt. no.
5  1-3 at 5-8.) Todorov wrote to Easy Loans on April 21, 2013, to dispute the debt alleged
6  in its lawsuit. (Dkt. no. 1-4 at 2.) Easy Loans never verified the debt. (Dkt. no. 1 ¶¶ 19-
7  21.)

8      Easy Loans' Lawsuit stated that Todorov had defaulted "[o]n or about July 21,
9  2008." (Dkt. no. 1-3 at 5.) Todorov, however, defaulted at some point before July 21,
10  2004. (Dkt. no. 1 ¶ 15.) Because Todorov's default occurred more than six (6) years
11  before Easy Loans filed its lawsuit in December 2012, Easy Loans attempted to collect a
12  time-barred debt. (*Id.* ¶¶ 15-18.) As a result of Easy Loans' Lawsuit, Todorov "suffered
13  and continues to suffer from humiliation, anger, anxiety, emotional distress, fear,
14  frustration, and embarrassment." (*Id.* ¶ 24.) Todorov has also considered bankruptcy "to
15  stop harassing calls in the future." (*Id.* ¶ 25.)

16      Todorov filed this lawsuit on July 17, 2013, alleging violations of the following
17  FDCPA sections: 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(5), 1692e(8), 1692e(10),
18  1692f, 1692f(1), 1692g, 1692g(b). (Dkt. no. 1 ¶¶ 31-40.) Todorov seeks actual and
19  statutory damages under 15 U.S.C. § 1692k(a)(1)-(2). (*Id.* at 8.)

20  **III.  LEGAL STANDARD**

21      On a 12(b)(6) motion, the court must determine "whether the complaint's factual
22  allegations, together with all reasonable inferences, state a plausible claim for relief."
23  *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1054 (9th Cir. 2011)
24  (*citing Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)). "A claim has facial plausibility
25  when the plaintiff pleads factual content that allows the court to draw the reasonable
26  inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678
27  (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

28  ///

2

1   When determining the sufficiency of a claim, "[w]e accept factual allegations in the
2   complaint as true and construe the pleadings in the light most favorable to the non-
3   moving party[; however, this tenet does not apply to] . . . legal conclusions . . . cast in the
4   form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011)
5   (citation and internal quotation marks omitted). "Therefore, conclusory allegations of law
6   and unwarranted inferences are insufficient to defeat a motion to dismiss." *Id.* (citation
7   and internal quotation marks omitted); *see also Iqbal*, 556 U.S. at 678 ("A pleading that
8   offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of
9   action will not do.'" (*quoting Twombly*, 550 U.S. at 555)).

10  **IV.   DISCUSSION**

11  The FDCPA is "generally" a strict liability statute. *Clark v. Capital Credit & Coll.*
12  *Servs., Inc.*, 460 F.3d 1162, 1176 & n.11 (9th Cir. 2006). To plead a claim under the Act,
13  a plaintiff must show: (1) that she is a "consumer" who (2) incurred a "debt" within the
14  Act's scope, (3) that the defendant is a "debt collector," and (4) that the defendant
15  violated the Act. *Freeman v. ABC Legal Servs., Inc.*, 827 F. Supp. 2d 1065, 1071 (N.D.
16  Cal. 2011); *see* 15 U.S.C. § 1692a.

17  Easy Loans argues that Todorov has failed to state a claim for three reasons.
18  (Dkt. no. 6 at 4-12.) First, Easy Loans argues that it is not a debt collector subject to the
19  FDCPA. (*Id.* at 12.) Second, Easy Loans contends that its lawsuit was not time-barred
20  under the applicable statute of limitations. (*Id.* at 7-8.) Finally, Easy Loans asserts that
21  Todorov's untimely validation request could not trigger the FDCPA's verification
22  requirements. (*Id.* at 12.) Notwithstanding these arguments, Todorov has adequately
23  pleaded that Easy Loans violated the FDCPA by filing a time-barred lawsuit.

24  **A.   Debt Collector**

25  The FDCPA creates civil liability for "any debt collector who fails to comply with
26  any provision [of the Act] . . . with respect to any person . . . ." 15 U.S.C. § 1692k(a). The
27  Act defines a debt collector as "any person . . . in any business the principal purpose of
28  which is the collection of any debts, or who regularly collects or attempts to collect . . .

3

1  debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). This

2  definition "'would include those who collect for others in the regular course of business.'"

3  *Romine v. Diversified Collection Servs., Inc.*, 155 F.3d 1142, 1146 (9th Cir. 1998)

4  (*quoting* S. Rep. No. 95-382 (1977)). The FDCPA does not, however, apply to a

5  "creditor," who is "any person who offers or extends credit creating a debt or to whom a

6  debt is owed." 15 U.S.C. § 1692a(4). Notably, assignees of debt may be considered

7  creditors *only* if the "'debt was not in default at the time it was assigned.'" *Nool v. HomeQ*

8  *Servicing*, 653 F. Supp. 2d 1047, 1053 (E.D. Cal. 2009) (*quoting Perry v. Stewart Title*

9  *Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985)). Thus, a person who collects a defaulted debt

10  assigned or transferred "solely for the purpose of facilitating collection of such debt for

11  another" is a debt collector, not a creditor. *See* 15 U.S.C. § 1692a(4).

12  Todorov has adequately pleaded that Easy Loans is a debt collector. Todorov

13  alleges that her defaulted debt "was purchased, assigned or transferred to [Easy Loans]

14  for collection," or, alternatively, that Easy Loans "was employed by the Creditor to collect

15  the [defaulted] [d]ebt." (Dkt. no. 1 ¶ 10.) Taken as true, these allegations place Easy

16  Loans within the definition of debt collectors — not creditors — because Easy Loans

17  "receive[d] an assignment or transfer of debt solely" to collect it for another. 15 U.S.C. §

18  1692a(4); *see Fayer*, 649 F.3d at 1064. These allegations also indicate that Easy Loans

19  is an entity that "collect[s] for others in the regular course of business." *Romine*, 155 F.3d

20  at 1146. Todorov's allegations give rise to a plausible inference that Easy Loans is a

21  debt collector under the FDCPA. *See Iqbal*, 556 U.S. at 678.

22  Easy Loans nevertheless insists that it is a creditor — not a debt collector —

23  because Easy Loans' Lawsuit against Todorov was "not a matter to collect debts due to

24  others, but for a debt due to Easy Loans." (Dkt. no. 6 at 12.) This assertion is unavailing

25  for two reasons. First, Easy Loans' self-identification as a creditor in its lawsuit is not

26  afforded the presumption of truth given to Todorov's allegations. *See Fayer*, 649 F.3d at

27  1064. Second, Easy Loans posits that the "FDCPA's definition of debt collector 'does not

28  include . . . any assignee of the debt.'" (Dkt. no. 9 at 15 (*quoting Lal v. Am. Home*

4

1  *Servicing, Inc.*, 680 F. Supp. 2d 1218, 1224 (E.D. Cal. 2010)). Easy Loans takes the *Lal*

2  Court's language out of context. The *Lal* Court quoted language from a Fifth Circuit

3  opinion, but excluded a portion of the quotation clarifying that assignees of *defaulted*

4  debts can be "debt collectors." *See Perry*, 756 F.2d at 1208. Notably, in *Nool v. HomeQ*

5  *Servicing*, another court in the Eastern District of California quotes the same passage,

6  but includes the clarification about assignees of defaulted debts. 653 F. Supp. 2d at

7  1052-53. Here, Todorov alleges that Easy Loans acquired her already-defaulted debt

8  from the Creditor. (*See* Dkt. no. 1 ¶¶ 10, 13, 15.) Therefore, she has pleaded that Easy

9  Loans is a debt collector under the Act.

10  ## B.  Applicable Statute of Limitations

11  The parties disagree about which statute of limitations applies to Easy Loans'

12  Lawsuit. (Dkt. no. 6 at 7-8; dkt. no. 8 at 7-8; dkt. no. 9 at 4-8.)  Easy Loans argues that

13  its lawsuit is covered by a six-year statute of limitations because the debt was "founded

14  upon an instrument in writing." (Dkt. no. 6 at 7-8); *see* NRS § 11.190(1)(b).) Todorov,

15  conversely, contends that a four-year statute of limitations should apply because the

16  debt "resulted from 'open account for goods, wares and merchandise sold and delivered'

17  and/or 'article[s] charged on an account in a store.'" (Dkt. no. 1 ¶ 17 (*quoting* NRS §

18  11.190(2)(a)-(b)).)

19  Both statutes of limitations "date from the last transaction or the last item charged

20  or last credit given," or from the "time the last payment was made" on "an existing

21  contract, whether it be a bill of exchange, promissory note, or other evidence of

22  indebtedness . . . " NRS § 11.200. Todorov alleges that she defaulted on the alleged

23  debt "more than four years before July 21, 2008." (Dkt. no. 1 ¶ 15.) Easy Loans has not

24  offered facts to rebut this allegation, which the Court must accept as true. *See Fayer*,

25  649 F.3d 1061, 1064.[1] If Todorov made no further payments after this alleged default,

26

27  [1]Easy Loans notes, however, that "[its] Justice Court Complaint lists the default
date as July 21, 2008." (Dkt. no. 9 at 4.) This statement does not rebut Todorov's

28  allegation.

1   then the statute of limitations for a claim based on her default began to run at some point
2   before July 21, 2004. *See* NRS § 11.200; (dkt. no. 1 ¶ 15). Regardless of the applicable
3   statute of limitations, Todorov has adequately alleged that Easy Loans' December 2012
4   lawsuit — filed at least eight (8) years after Plaintiff's alleged default — was time-barred
5   under Nevada's four- and six-year statutes of limitations. (*See* dkt. no. 1 ¶ 15; dkt. no. 1-
6   3 at 4.) These allegations enable Todorov to state claims for violations of §§ 1692e,
7   1692f, and 1692d of the FDCPA.

8               **C.    Alleged Violations of the FDCPA**

9               A time-barred debt collection lawsuit can give rise to a claim under the FDCPA.
10  *McCollough v. Johnson, Rodenberg & Lauinger*, 587 F. Supp. 2d 1170 (D. Mont. 2008),
11  *aff'd sub nom. McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939 (9th
12  Cir. 2011) [hereinafter *McCollough I*]. Additionally, "one action can give rise to multiple
13  violations of the Act." *Clark*, 460 F.3d at 1177. Here, by alleging that Easy Loans filed a
14  time-barred lawsuit to collect her debt, Todorov has adequately pleaded several
15  violations of the FDCPA. (*See* Dkt. no. 1 ¶¶ 15-18.)

16                          **1.    Sections 1692e and 1692f**

17              Section 1692e prohibits debt collectors from using "any false, deceptive, or
18  misleading representation or means in connection with the collection of any debt." 15
19  U.S.C. § 1692e. Section 1692f similarly forecloses debt collectors from using "unfair or
20  unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. Both
21  sections include "non-exhaustive list[s] of examples of proscribed conduct," *Fox v.*
22  *Citicorp Credit Servs., Inc.*, 15 F.3d 1507, 1516 (9th Cir. 1994), and the "[v]iolation of a
23  single provision is sufficient to establish liability." *Gonzales v. Arrow Fin. Servs., LLC*,
24  660 F.3d 1055, 1064 n.6 (9th Cir. 2011) (discussing § 1692e). "[U]sing the courts to
25  attempt to collect a time-barred debt" may violate both sections. *McCollough I*, 587 F.
26  Supp. 2d at 1176; *see Kimber v. Fed. Finan. Corp.*, 668 F. Supp. 1480, 1487-89 (M.D.
27  Ala. 1987) (threatening a time-barred suit violated § 1692e; filing the suit violated §
28  1692f).

1       In *McCollough*, the Ninth Circuit affirmed a grant of partial summary judgment
2   against a law firm that had violated the FDCPA by filing and prosecuting a lawsuit to
3   collect a time-barred debt. 637 F.3d at 947. The law firm had sued the plaintiff to collect
4   credit card debt seven years after his last payment. *McCollough I*, 587 F. Supp. 2d at
5   1173. Although the lawsuit was time-barred under Montana's five-year statute of
6   limitations, the law firm continued to prosecute the plaintiff, including by serving him with
7   requests for admission. *McCollough v. Johnson, Rodenberg & Lauinger*, 610 F. Supp.
8   2d 1247, 1254-56 (D. Mont. 2009) [hereinafter *McCollough II*]. Together, these actions
9   violated §§ 1692e and 1692f. *See id.* at 1255.

10      Here, just as in *McCollough*, Todorov has alleged that Nevada's statute of
11  limitations barred Easy Loans' Lawsuit, which renders the lawsuit a "false, deceptive, or
12  misleading representation or means" to collect Todorov's debt in violation of § 1692e. 15
13  U.S.C. § 1692e; (Dkt. no. 1 ¶¶ 12-18, 32-36); *see McCollough I*, 587 F. Supp. 2d at
14  1176. Todorov additionally alleges violations of §§ 1692e(2), 1692e(5), 1692e(8), and
15  1692e(10). (Dkt. no. 1 ¶¶ 33-36.) Because Todorov has adequately alleged that Easy
16  Loans' Lawsuit was time-barred, Todorov has stated a claim under § 1692e(2) for Easy
17  Loans' implicit misrepresentation of the legal status of her debt, and under § 1692e(10)
18  for Easy Loans' use of a "deceptive means" — a time-barred lawsuit — to collect her debt.
19  15 U.S.C §§ 1692e(2), (10); (dkt. no. 1 ¶¶ 12-18, 33, 36; dkt. no. 8 at 9-10). Todorov has
20  likewise stated a claim under § 1692e(5) by alleging that Easy Loans filed a debt
21  collection action "that cannot legally be taken" because it is time-barred. 15 U.S.C. §
22  1692e(5); (dkt. no. 1 ¶ 12-18, 34). Finally, Todorov has stated a claim that Easy Loans
23  violated § 1692e(8) because it "communicat[ed] or threaten[ed] to communicate to any
24  person credit information which is known or which should be known to be false." 15
25  U.S.C. § 1692e(8). Because Easy Loans' Complaint falls within the Act's definition of
26  "communication," 15 U.S.C. § 1692a(2), and because Todorov has alleged that Easy
27  Loans' Lawsuit was time-barred, Todorov has stated a claim that Easy Loans
28  communicated false credit information by filing a time-barred lawsuit. (Dkt. no. 1 ¶¶ 12-

7

18, 35); *see Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1031-32 (9th Cir. 2010) ("[A] complaint served directly on a consumer to facilitate debt-collection efforts is a communication subject to the requirements of §§ 1692e and 1692f.").

Additionally, by alleging that Easy Loans' Lawsuit was time-barred, Todorov has adequately pleaded that the lawsuit "is an unfair and unconscionable means to collect . . . the debt," and has stated a claim under § 1692f. 15 U.S.C. § 1692f; (*see* dkt. no. 1 ¶¶ 12-18, 37-38). Todorov also alleges that Easy Loans violated § 1692f(1), which proscribes "[t]he collection of any amount . . . unless such amount is . . . permitted by law." 15 U.S.C. § 1692f(1); (dkt. no. 1 ¶ 38.) Todorov has stated a claim that the amount sought was not "permitted by law" because its collection was time-barred. (Dkt. no. 1 ¶¶ 12-18, 38); *see McCollough I*, 587 F. Supp. 2d at 1178 (requesting attorneys' fees not permitted by law violated § 1692f(1)).

Easy Loans raises two arguments against Todorov's §§ 1692e and 1692f claims. These arguments are tenuous. First, Easy Loans argues that Todorov failed to allege factual details to support her §§ 1692e and 1692f claims. (Dkt. no. 6 at 6-11.) Contrary to Easy Loans' arguments, Todorov has alleged sufficient facts to claim that Easy Loans' Lawsuit was time-barred: "Plaintiff actually defaulted on the alleged Debt more than four years before July 2008," (dkt. no. 1 ¶ 15), but Easy Loans filed its lawsuit "[o]n December 18, 2012," (*id.* ¶ 12), such that the lawsuit "was time barred on its face." (*Id.* ¶ 16.) These facts adequately support Todorov's §§ 1692e and 1692f allegations. (*See id.* ¶¶ 31-38.) Second, Easy Loans contends that Todorov's Complaint fails to provide the date and time of the alleged §§ 1692e and 1692f violations. (Dkt. no. 6 at 6-9.) However, Todorov pleaded that the alleged violations occurred when Easy Loans filed its time-barred lawsuit on December 18, 2012. (Dkt. no. 1 ¶¶ 12, 18.) Accordingly, Todorov has stated claims for Easy Loans' violations of §§ 1692e and 1692f.

### 2.   Section 1692d

Section 1692d forbids debt collectors from "engag[ing] in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the

1   collection of a debt." 15 U.S.C. § 1692d. The section includes a "non-exhaustive list of

2   examples of proscribed conduct." *Fox*, 15 F.3d at 1516. Time-barred debt collection

3   lawsuits can violate § 1692d. *See Riley v. Giguiere*, No. Civ. S-06-2126 LKK/JKM, 2008

4   WL 436943, at *6 (E.D. Cal. Feb. 14, 2008) (holding that summary judgment was

5   inappropriate for plaintiff's § 1692d claim and other FDCPA claims where a defendant

6   attorney "had reason to know that the [plaintiff's] debt may not have been lawful,"

7   rendering her legal actions to collect it "deceptive").

8          Todorov alleges that Easy Loans "knew or should have known that the Debt was

9   time barred" when it filed its lawsuit in December 2012. (Dkt. no. 1 ¶ 18); *see Riley*, 2008

10  WL 436943, at *6.  Coupled with Todorov's allegation that she defaulted "more than four

11  years before July 21, 2008," Todorov's complaint offers facts showing that Easy Loans

12  may have violated § 1692d. (Dkt. no. 1 ¶ 15.) Moreover, Todorov has alleged that Easy

13  Loans' Lawsuit caused her to suffer "humiliation, anger, anxiety, emotional distress, fear,

14  frustration and embarrassment," and to consider bankruptcy. (Dkt. no. 1 ¶¶ 24-25).

15  These allegations suggest that the "natural consequence" of Easy Loans' Lawsuit was to

16  "harass, oppress, or abuse" Todorov. *See* 15 U.S.C. § 1692d.

17         Easy Loans contends that Todorov's § 1692d claim is "meritless" because Easy

18  Loans did not engage in the proscribed behaviors enumerated in § 1692d, and because

19  "the filing of a debt collection lawsuit does not violate 15 U.S.C. § 1692d." (Dkt. no. 6 at

20  4-5 (*citing Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324 (6th Cir. 2006).) Both

21  arguments fall short. First, the list of proscribed behaviors in § 1692d is "non-

22  exhaustive." *Fox*, 15 F.3d at 1516. As such, Todorov may state a claim under § 1692d

23  based on behaviors similar to, but not enumerated in, the section. *See Riley*, 2008 WL

24  436943, at *6. Second, the Sixth Circuit opinion on which Easy Loans relies is not

25  controlling, and it did not involve a time-barred lawsuit. *See Harvey*, 453 F.3d at 331,

26  332 (noting that plaintiff alleged the lawsuit in question lacked "the immediate means of

27  proving the debt"). Todorov has thus adequately stated a § 1692d claim.

28  ///

**3.    Section 1692g**

Finally, Todorov has not adequately pleaded that Easy Loans violated §§ 1692g and 1692g(b). Section 1692g requires debt collectors to verify disputed debts. 15 U.S.C. § 1692g. This provision covers only those debts that are disputed in writing within a thirty-day period following an "initial communication," or a communication within five days of an initial communication, between a debt collector and a consumer. 15 U.S.C. § 1692g(a)-(b). Initial communications, however, may not be "in the form of a formal pleading in a civil action." § 1692g(d).

Here, Todorov alleges that she received notice of Easy Loans' intent to collect her debt through Easy Loans' Complaint, filed in December 2012. (Dkt. no. 1 ¶¶ 12, 19.) This Complaint, however, does not qualify as an "initial communication" under § 1692g(d), and it does not trigger the validation requirements outlined in § 1692g(a)-(b). 15 U.S.C. § 1692g(a)-(b), (d); *see Hill v. Javitch, Block & Rathbone, LLP*, 574 F. Supp. 2d 819, 823 (S.D. Ohio 2008) (noting that "a summons and complaint are not considered 'initial communications'" for § 1692g(a)-(b) purposes). Thus, Todorov has not stated a claim that Easy Loans violated §§ 1692g and 1692g(b).[2]

**V.    CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and

---

[2] Easy Loans requests the Court to take notice of a letter it allegedly sent to Todorov in compliance with § 1692g(a). (*See* Dkt. no. 7; Dkt. no. 7-3.) Although "the scope of review on a motion to dismiss for failure to state a claim is [generally] limited to the contents of the complaint," *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006), "on a motion to dismiss a court may properly look beyond the complaint to matters of public record and doing so does not convert a Rule 12(b)(6) motion to one for summary judgment." *Mack v. South Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Moreover, "[a] court may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder*, 450 F.3d at 448. Here, Easy Loans' letter is not a matter of public record, nor is it referenced in Plaintiff's Complaint. (*See* dkt. no. 1 ¶¶ 19-21.) Thus, the letter is not within the scope of review for this motion to dismiss and the Court does not consider it in deciding this matter.

1 | determines that they do not warrant discussion or reconsideration as they do not affect
2 | the outcome of the Motion.

3 | It is ordered that Defendant's Motion to Dismiss (dkt. no. 6) is denied with respect
4 | to Plaintiff's claims arising under §§ 1692d, 1692e, and 1692f.

5 | It is further ordered that Defendant's Motion to Dismiss (dkt. no. 6) is granted with
6 | respect to Plaintiff's § 1692g claims.

7 | ENTERED THIS 19th day of June 2014.

8

9

MIRANDA M. DU
10 | UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

11